1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | UNITED STATES,                    CASE NO. 08cv997-IEG(RBB)

12 |                        Petitioner,    Order Granting Government's Motion
for Contempt Sanctions

13 |       vs.

SALLY DAWN COBB,

14 |                        Respondent.

15

16         The IRS has filed a motion for contempt sanctions based upon Respondent Sally Dawn

17 Cobb's refusal to comply with the Court's August 19, 2008 order compelling her to produce

18 documents and appear and give testimony in response to four administrative summonses.

19 Respondent has filed an opposition to the government's motion, and the government has filed a

20 reply.

21         A hearing was held before Chief Judge Irma E. Gonzalez on Monday, June 15, 2009.  For

22 the reasons set forth herein, the Court GRANTS the government's motion.

23                                   ***Background***

24         The factual background underlying the issuance of the August 19, 2008 order compelling

25 Ms. Cobb to appear to produce documents and give testimony is fully set forth in that order and

26 need not be restated here.  In short, the IRS issued four administrative summonses to Ms. Cobb in

27 furtherance of its investigation of her income tax liability for the years 2001, 2005 and 2006, as

28 well as its investigation of the income tax liability of Ms. Cobb's brother, Michael Scott, for the

tax year 2001.

In the August 19, 2008 order, the Court rejected as frivolous Ms. Cobb's arguments that (1) the IRS lacks jurisdiction over her because of her Private status as a non-taxpayer, (2) the revenue laws apply only to taxpayers and not to non-taxpayers such as herself, and (3) the family's Pure Trusts have foreign status and therefore are not subject to any tax filing requirement.  The August 19, 2008 order required Ms. Cobb to appear before IRS Revenue Agent Michael Delgado of his designee on September 22, 2008, to produce documents and give testimony as directed in the summonses.

Ms. Cobb appealed the August 19, 2008 order.  Ms. Cobb moved for a stay of the August 19, 2008 order pending appeal, but the Ninth Circuit denied that motion.  As a result, Assistant United States Attorney Raven Norris sent a letter to Ms. Cobb on December 31, 2008, requesting that Ms. Cobb appear before Revenue Agent Delgado on January 21, 2009 to produce documents and provide testimony as required by the Court's August 19, 2008 order.

On January 21, 2009, Ms. Cobb appeared at the IRS office.  Ms. Cobb produced none of the documents called for by the summonses and as required by the Court's August 19, 2008 order. Ms. Cobb answered preliminary questions confirming her current address, how long she had lived at the address, and that she leased the property. Ms. Cobb also stated the property was owned by Oasis Pure Trust, and entity for which her brother Michael Alan Scott is the managing trustee. [Transcript of January 21, 2009 Examination, filed as Exhibit A to the Declaration of Revenue Agent Michael Delgado in Support of Motion for Contempt Sanctions (Doc. 25-3), pp. 2-8.] Thereafter, Ms. Cobb refused to answer any additional questions, instead asserting her Fifth Amendment right to remain silent.  [Id., pp. 9-36.]  The government's motion followed.

### *Standard on Motion for Contempt Sanctions*

A district court has the inherent authority to enforce its orders through civil contempt. Shillitani v. United States, 384 U.S. 364, 370 (1966).

> The standard for finding a party in civil contempt is well settled:  The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.   The burden then shifts to the contemnors to demonstrate why they were unable to comply.

FTC v. Affordable Media LLC, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City and

1   County of San Francisco, 968 F.2d 850, 856 n. 9 (9th Cir.1992)).  "A party's actions 'need not be

2   willful' and there is no good faith exception to the requirement of obedience to a court order."

3   Go-Video, Inc. v. Motion Picture Ass'n of America, 10 F.3d 693, 695 (9th Cir. 1993) (quoting   In

4   re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir.1987)).   A party may not,

5   however, be held in civil contempt if she "has taken 'all reasonable steps' to comply with the court

6   order."  General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986).

7           Courts have the power to impose a conditional period of imprisonment for the purpose of

8   coercing an individual to obey its validly entered order.  Uphaus v. Wyman, 360 U.S. 72, 81

9   (1959).  Courts may also impose a monetary sanction either for purposes of coercing compliance

10  or to compensate the moving party for its costs in attaining the contempt finding.  General Signal

11  Corp., 787 F.2d at 1380.

12                                    ***Discussion***

13          The Court's August 19, 2008 order is a specific and definite order and Ms. Cobb has

14  refused to comply with such order.  Thus, the burden shifts to Ms. Cobb to demonstrate why she is

15  unable to comply.  In her opposition, Ms. Cobb primarily argues that as a "**Private** Natural Born

16  non-federal non-volunteering non-enfranchised Article III State and American National Citizen,"

17  the IRS has no jurisdiction or authority over her.  Ms. Cobb also notes there is no law requiring a

18  private individual to keep financial books and records for more than a reasonable time, which she

19  has determined to be a current year and immediate past full year, implying that she does not have

20  any records beyond that time period.  Although Ms. Cobb asserted the Fifth Amendment privilege

21  during her January 21, 2009 examination, she does not explain in her opposition brief how the

22  questions posed by Revenue Agent Delgado could incriminate her.

23          *1.      Fifth Amendment privilege*

24          At the January 21, 2009 examination, Ms. Cobb asserted the Fifth Amendment privilege in

25  response to all but the initial preliminary questions which the Revenue Agent asked her.  A blanket

26  assertion of the Fifth Amendment privilege is in appropriate.  Instead, Ms. Cobb must show her

27  testimony "would 'support a conviction under a federal criminal statute' or 'furnish a link in the

28  chain of evidence needed to prosecute the claimant for a federal crime'."  United States v.

1   Rendahl, 746 F.2d 553, 555 (9th Cir. 1984) (quoting Hoffman v. United States, 341 U.S. 479, 486

2   (1951)).  "The privilege is validly invoked only where there are 'substantial hazards of self-

3   incrimination' that are 'real and appreciable', not merely 'imaginary and unsubstantial'."

4   Rendahl, 746 F.2d at 555 (quoting United States v. Neff, 615 F.2d 1235, 1239 (9th Cir. 1980)).

5   The privilege cannot be invoked to avoid incrimination for a past violation of income tax laws.

6   United States v. Carlson, 617 F.2d 518, 520 (9th Cir. 1980).

7           Here, Ms. Cobb has not made any showing of a real and appreciable hazard of self-

8   incrimination in responding to the questions posed by Revenue Agent Delgado.  The questions

9   asked by Revenue Agent Delgado include things such as whether she pays rent at her property,

10  whether she owns real estate, whether she is married or has children, her educational background,

11  how much cash she normally has on hand, her role in the Tapestry Meadows Equestrian Center,

12  the amount of time she devotes to that business, whether there are any professionals who handle

13  the accounting records for the business, and details regarding the formation and structure of the

14  various trusts.  Although many of these questions cover private matters, Ms. Cobb has made no

15  showing whatsoever that the responses may support her conviction under a federal criminal

16  statute.  Therefore, the only real question before the Court is whether Ms. Cobb has a current

17  ability to comply with the Court's order and what steps she has taken to do so.

18          2.      _Present ability to comply with the Court's August 19, 2008 order_

19          An individual who lacks the current ability to comply with a definite and specific court

20  order cannot be held in contempt for violating that order.  United States v. Rylander, 460 U.S. 752,

21  757 (1983); United States v. Ayres, 166 F.3d 991, 995-96 (9th Cir. 1999).  The summonses seek

22  documents and testimony related to: (a) the Scott Angels Pure Trust, (b) the MAKDS Family Pure

23  Trust, (c) the Dawn Pure Trust, (d) the Oasis Pure Trust, (e) the Tapestry Meadows Equestrian

24  Center, and (f) any accounts held in Ms. Cobb's own name.  [Summonses, attached as Exhibits A-

25  D to the Declaration of Revenue Agent Michael Delgado filed in Support of the Petition to

26  Enforce IRS Summonses ("Delgado Pet. Decl.") (Doc. 2).]  Regardless of her family's "regular

27  practice" of disposing of documents after a year or so, there are many documents called for in the

28  summonses which the Court finds Ms. Cobb still may have within her possession, custody or

1   control.

2          The summons to Ms. Cobb as Trustee of the Scott Angels Pure Trust seeks documents such

3   as the (i) will or trust document that created the Trust, any documents concerning amendments

4   to the trust, and any documents describing the trustee's powers, and (ii) lists of the property,

5   beneficiaries, and trustees of the trust. Additional documents requested include bank and

6   investment account statements and related documents for the calendar year 2001, and all other

7   documents regarding the contracts and real estate purchases of the trust.  [Delgado Pet. Decl.,

8   Exhibit A.]

9          The summons to Ms. Cobb as Trustee of the MAKSD Family Pure Trust similarly seeks

10  documents concerning the creation and maintenance of the trust as well as the property,

11  beneficiaries and trustees of the trust.  That summons also seeks bank and investment account

12  statements for the calendar year 2001.  [Delgado Pet. Decl., Exhibit B.]

13         The summons to Ms. Cobb personally, regarding the Dawn Pure Trust and Oasis Pure

14  Trust, seeks documents regarding the creation of those trusts, identifying the grantors,

15  beneficiaries, and trustees of those trust, and identifying all assets held by those Trusts.  The

16  summons also seeks bank records, as well as financial or accounting records, for both entities for

17  the 2001 calendar year.  [Delgado Pet. Decl., Exhibit C.]

18         Finally, the summons to Ms. Cobb personally regarding the ownership and operation of the

19  Tapestry Meadows Equestrian Center seeks Ms. Cobb's personal bank and investment account

20  statements for the calendar years 2005-2006, as well as all the business accounting, bank, and

21  other financial records of the business for calendar years 2005-2006.  [Delgado Pet. Decl., Exhibit

22  D.]

23         As a result of her belief the IRS lacks jurisdiction over her, it is clear Ms. Cobb has made

24  no efforts to locate documents which may be responsive to the summonses.  The Court, however,

25  has rejected Ms. Cobb's argument regarding lack of jurisdiction, and has issued a clear and definite

26  order requiring her to produce document and give testimony.  As a result of Ms. Cobb's refusal to

27  comply with the Court's order, the Court concludes Ms. Cobb is in contempt of court and subject

28  to contempt sanctions.

08cv997

### *Conclusion*

The Court GRANTS the government's motion and finds Respondent Sally Dawn Cobb to be in contempt of court.  The Court orders Ms. Cobb to appear again before Revenue Agent Delgado at the IRS offices on <u>Thursday, June 18, 2009 at 9:00 a.m.</u> to produce documents and give testimony in response to the IRS summonses which are the subject of this enforcement action. Prior to her appearance at the IRS offices, Ms. Cobb must search for responsive documents within her possession, custody, or control.

If Ms. Cobb no longer has certain responsive documents within her possession, custody, or control, she must be prepared to answer the following questions with regard to those documents:

1. What steps she has taken to locate the documents called for in each of the four summonses, and when she took such steps?

2. Where does she store legal and financial documents such as the ones called for by the summonses?

3. How does she maintain the types of legal and financial documents called for by the summonses?  In other words,

   a. does she have a filing cabinet,

   b. does she separate records according to the trust to which they pertain, and

   c. does she keep legal records such as trust formation and amendment documents separate from financial records

4. If she no longer has the responsive documents, when were the documents destroyed (in particular, have any documents been destroyed since the Court issued its August 19, 28 order)?

***The Court hereby cautions Respondent Sally Dawn Cobb that if she fails to appear at the date and time ordered, fails to produce documents or fails to prepare to answer questions regarding documents no longer in her possession, custody or control, and/or fails to answer***

///

///

08cv997

1  *substantive questions within the categories identified in the four administrative summonses, the*

2  *Court will forthwith issue a warrant for her arrest and order that she be conditionally confined*

3  *until such time as she has complied with the Court's order.*

4         **IT IS SO ORDERED**.

5

6  **DATED:  June 15, 2009**

7

8  **IRMA E. GONZALEZ, Chief Judge**
   **United States District Court**

- 7 -

08cv997